IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00126-KDB-DSC

| | |
|---|---|
| **PEERLESS INSURANCE COMPANY et. al.,** | ) )  ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **LAW OFFICES OF JASON E. TAYLOR P.C. et. al.,** | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings," Doc. 22, and the parties' briefs, Docs. 23, 24, and 25.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be granted as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case began as two separate actions for declaratory judgment brought by Plaintiff Peerless Insurance Company. Peerless brought one action against the Law Offices of Jason E. Taylor P.C. and Jason E. Taylor ("Taylor Defendants")[1] and a second action against Mark Farbman

---

[1] Peerless Insurance Company v. Taylor, No. 5:19-cv-126 (W.D.N.C.).

PA and Mark Farbman ("Farbman Defendants").[2] In both actions, Plaintiff seeks Declaratory Judgment on its Duty to Defend (Count I), its Recoupment of Defense Costs (Count II), and its Duty to Indemnify (Count III). On January 21, 2020, Peerless filed a Consent Motion to Consolidate the Taylor Action and the Farbman Action. The Court granted the Motion on January 23, 2020, designating the Taylor Action as the lead case.[3]

Accepting the factual allegations of the Amended Complaint as true, on July 8, 2016, a putative class action was filed in the U.S. District Court for the Middle District of North Carolina against the Taylor Defendants and the Farbman Defendants, among others. The putative class action, captioned Hatch v. DeMayo, No. 16-cv-925 (the "Hatch Action"), alleges that defendants, including the Taylor Defendants and the Farbman Defendants, violated the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725 ("DPPA"). Specifically, the Hatch Action alleges that defendants illicitly obtained plaintiffs' addresses and other personal information from the North Carolina Department of Motor Vehicles in order to solicit potential clients involved in car accidents. The DPPA claim is the sole claim for relief in the Hatch Action.

The Taylor Defendants and Farbman Defendants tendered the Hatch Action to Peerless to defend. Peerless had previously issued business owners coverage insurance policies to the Taylor Defendants and the Farbman Defendants. On November 9, 2012, Peerless issued a business owners coverage policy with general liability insurance to the Taylor Defendants, which was renewed annually for four consecutive policy periods through November 9, 2017. Peerless similarly issued a Commercial Protector business owners policy to the Farbman Defendants on September 22, 2011, which was also renewed annually through September 22, 2017.

---

[2] Peerless Insurance Company v. Farbman, No. 3:19-cv-486 (W.D.N.C.).
[3] Since the Taylor Action is the lead case, all docket citations reference the Taylor docket.

Peerless' respective insurance policies for the Taylor Defendants and the Farbman Defendants both provide in relevant part:

> We [Peerless] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.

Doc. 5 at ¶ 11.

Peerless denies any duty to defend or indemnify the Taylor Defendants and Farbman Defendants in the Hatch Action. Peerless argues that the DPPA claim against Defendants in the Hatch Action falls under an exclusion in Defendants' policies for "Violation of Statutes that Govern E-mails, Fax, Phone Calls or Other Methods of Sending Material or Information" ("Communication Exclusion"). Doc. 5 at ¶ 11. Peerless' Communication Exclusion states:

> This insurance does not apply to . . . "Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate . . . Any statute, ordinance or regulation, other than the TCPA [Telephone Consumer Protection Act] or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communication or distribution of material or information.

Doc. 5 at ¶ 11.

On May 8, 2020, Peerless filed its Motion for Judgment on the Pleadings. Doc. 22. It seeks declaratory judgment that it owes no duty to defend or indemnify the Taylor Defendants or the Farbman Defendants in the Hatch Action.

## II. DISCUSSION

After pleadings have closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) if no material facts are at issue and the parties' disputes

can be resolved on the pleadings. See United States v. Charlotte-Mecklenburg Hosp. Auth., 248 F. Supp. 3d 720, 725 (W.D.N.C. 2017) ("[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss").

In reviewing a Rule 12(b)(6) motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is permitted to review exhibits that are attached to, referred to, or incorporated within the pleadings. Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2013). The Court may also take judicial notice of matters in the public record, such as positions taken by a party in an earlier lawsuit. Id. (holding it was proper for court to consider prior trial testimony in ruling on a 12(c) motion).

The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a). Thus, the DPPA prohibits *disclosure* of certain protected information. Peerless' Communication Exclusion is triggered by statutes prohibiting "sending, transmitting, communication, or distribution of material or information." Doc. 23. at 4-5. As Peerless points out, "it would be impossible to 'disclose' information without 'sending, transmitting, communicating, or distributing' it." Id. at 9.

5

Case 5:19-cv-00126-KDB-DSC    Document 26    Filed 07/08/20    Page 5 of 8

In two nearly identical cases, this Court held that defendants' alleged violation of the DPPA was excluded from defense or indemnity by plaintiff's Communication Exclusion.[4] Hartford Cas. Ins. Co. v. Gelshenen, 387 F. Supp. 3d 634, 641-42 (W.D.N.C. 2019), aff'd on other grounds, 801 F. App'x 915 (4th Cir. 2020); Hartford Cas. Ins. Co. v. Greve, No. 3:17CV183-GCM, 2017 WL 5557669, at *4 (W.D.N.C. Nov. 17, 2017), aff'd on other grounds, 742 F. App'x 738 (4th Cir. 2018). Like the present case, both Gelshenen and Greve arose out of the Hatch Action and involved an identical Communication Exclusion. As the Court held:

> "[a] plain language construction of this [Communication] exclusion reveals that there is no coverage under the Policies when personal or advertising injury arises from the alleged violation [of] a statute that limits the communication or distribution of material or information.'' Greve, 2017 WL 5557669, at *4. And the language of the DPPA statute clearly ''creates a limitation on the distribution of certain information.'' Id.

Gelshenen, 387 F. Supp. 3d at 642. Violation of the DPPA falls within the scope of Peerless' Communication Exclusion. Since the underlying plaintiffs in the Hatch Action allege the Taylor Defendants and Farbman Defendants violated the DPPA, Peerless is not obligated to defend them.

The Taylor Defendants and Farbman Defendants argue that since the primary allegations in the Hatch Action concern the obtaining and use of information, their actions do not fall within the Communication Exclusion which bars sending and distribution of information. Doc. 24 at 12-13. Defendants further argue that because plaintiffs in the Hatch Action have asserted allegations that could support a violation of a common law right to privacy, Peerless must still defend them

---

[4] Both Greve and Gelshenen were decided on the basis of a separate policy exclusion not at issue here. In both Greve and Gelshenen, the Fourth Circuit affirmed on the basis of the Privacy Exclusion and did not reach the Communication Exclusion. Gelshenen, 801 F. App'x at 917 & n.1; Greve, 742 F. App'x at 741 & n.2. The District Court's analysis of the Communication Exclusion was not criticized by the Fourth Circuit and remains valid precedent.

against that claim. Id. at 15-16. Defendants essentially contend that since the common law right to privacy would not be considered a *statutory* violation, the Communication Exclusion would not be triggered. Id.

But the Court in Gelshenen rejected similar arguments. Gelshenen found that "because all damages or injuries alleged in the Underlying Action arise 'directly or indirectly' out of Gelshenen's alleged violation of the DPPA, the Communication Exclusion eliminates coverage 'regardless of whether the particular violations at issue constitute improper communication or distribution of information.'" Gelshenen, 387 F. Supp. 3d at 642 (citing Plaintiff's Reply Brief at 6, Gelshenen, (No. 3:17-cv-00182-MOC-DSC)). Persuasive authority from the Middle District of North Carolina recently supported this conclusion in a case "nearly identical" to Gelshenen and Greve. Van Laningham v. Allied Ins., No. 1:16CV948, 2020 WL 3470254, at *3. The Middle District Court held "the Western District rightly observed" that under the exclusion, "*all* claims arising out of statutes like the DPPA" are barred from defense or indemnity. Id. (emphasis added). Since the Taylor Defendants and Farbman Defendants have allegedly violated the DPPA, they are accordingly precluded from coverage on *any* claims arising from the DPPA violation.

The District Court's holdings in Gelshenen and Greve are clearly applicable to this action. Defendants have advanced no compelling argument to distinguish these two cases. The undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings," Doc. 22, be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings," Doc. 22, be **GRANTED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: July 8, 2020

David S. Cayer
United States Magistrate Judge